IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GENE EDWARD SCOTT, II,

Plaintiff,

v.

UNKNOWN,

Defendant.

Case No.: 3:26-cv-02367-AN

OPINION AND ORDER

Plaintiff Gene Edward Scott, II, who is self-represented and thus proceeding pro se, has filed a complaint against an unknown defendant. Plaintiff has also filed an application to proceed without paying filing fees (i.e., in forma pauperis ("IFP")). For the reasons stated below, the Court GRANTS plaintiff's IFP application, but finds that the complaint does not state a claim on which relief may be granted. The Court also finds that no amendment can cure the complaint's defects. Therefore, the complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e).

## LEGAL STANDARDS

District courts are authorized by statute to permit a party to commence litigation "without prepayment of fees or security therefor" if that party submits an affidavit showing that they are unable to do so. 28 U.S.C. § 1915(a)(1). When determining what, if any, filing fee a plaintiff must pay, "'the court may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials.'" *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023) (quoting *Alexander v. Carson Adult High Sch.*, 9 F.3d 1448, 1449 (9th Cir. 1993)). In addition to permitting litigants to proceed without paying filing fees, Section 1915 also requires a court to dismiss a complaint on its own accord, even before service of process, if it determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). First, a complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Second, a complaint fails to state a claim for relief if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); see *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Finally, a court must dismiss a complaint on immunity grounds once it "has sufficient information to make a determination" that defendants are entitled to absolute or qualified immunity. *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016). In determining whether a pro se complaint lacks merit, courts must use "less stringent standards than" those used for "formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Further, "[u]nless it is absolutely clear that no amendment can cure the defect," a pro se litigant is "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU National Labor Organization*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

## DISCUSSION

### A. IFP Application

Plaintiff has satisfied the economic eligibility requirements of 28 U.S.C. § 1915 and his IFP application is granted accordingly. *See generally* Appl. for Leave to Proceed IFP, ECF 2. However, as described below, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B. Dismissal Under 28 U.S.C. § 1915(e)(2)(B)

Although the Court liberally construes plaintiff's pro se complaint and holds it to a less stringent standard than formal pleadings drafted by lawyers, plaintiff's complaint must nevertheless be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief can be granted. Plaintiff's entire statement of his claim is the following: "Plaintiff studied General Core [at] Glendale

Community College and Phoenix College and laws and criminology [at] Arizona State University." Compl., ECF 1, at 4. Plaintiff does not explain how any defendant has violated the law—in fact, he does not identify a defendant at all. *Id.* at 2. The only relief he seeks is to "[p]lease, create a Federal Magistrate Judge/Air National Guardsman Top Officer Pilot (Gene Edward Scott II)." *Id.* at 4. That is clearly beyond the Court's purview. The complaint thus does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

Furthermore, plaintiff fails to establish a basis for federal subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and plaintiff bears the burden of establishing that jurisdiction is proper. *See Gila River Indian Community v. Schoubroek*, 145 F.4th 1058, 1070 (9th Cir. 2025). Subject matter jurisdiction requires either federal question jurisdiction under 28 U.S.C. § 1331— where the claim arises under the Constitution, laws, or treaties of the United States—or diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *Id.* Plaintiff has alleged no facts supporting federal question or diversity jurisdiction.

Because it is absolutely clear that no amendment can cure these defects, the complaint must be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B). *See Garity*, 828 F.3d at 854.

**CONCLUSION**

For the reasons stated herein, plaintiff's application to proceed IFP, ECF 2, is GRANTED. Plaintiff's complaint, ECF 1, is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e). Judgment shall follow.

IT IS SO ORDERED.

DATED this 30th day of October, 2026.

Adrienne Nelson
United States District Judge